UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PIAZZA'S SEAFOOD WORLD, LLC

VERSUS

BOB ODOM, COMMISSIONER
OF AGRICULTURE FOR THE
STATE OF LOUISIANA, IN
HIS OFFICIAL AND
INDIVIDUAL CAPACITIES

CIVIL ACTION

NO. 07-413-BAJ-CN

## RULING

This matter is before the court on a motion by defendant, Bob Odom in his individual capacity, for summary judgment (doc. 58). The motion is opposed by plaintiff, Piazza's Seafood World, LLC (doc. 60), and defendant has filed a motion for oral argument (doc. 59) to which no opposition has been filed. Jurisdiction is based on 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff's complaint alleges that defendant, Bob Odom, acting in his official and individual capacities as Commissioner of Agriculture for the State of Louisiana, violated the Foreign and Interstate Commerce Clauses, and the Fourth and Fourteenth Amendments of the United States Constitution through the promulgation and enforcement of certain regulations regarding the inspection and detention of packages of seafood that were warehoused in Louisiana and destined for both in-state and out-of-state purchasers. Plaintiff further alleges that defendant

intentionally interfered with plaintiff's contracts with certain wholesalers and retailers of seafood, both inside and outside of Louisiana, and that these actions were done intentionally and maliciously and justify an award of punitive and/or consequential damages.

Defendant denies the allegations, asserting that he acted in good faith and without malice when he promulgated regulations that allowed for inspection of packages of frozen catfish to check for levels of fluoroquinolones, certain levels of which have been found by the FDA to be hazardous to the health of consumers. Defendant further argues that the regulations were promulgated after he was alerted by Mississippi authorities and the Alabama Commissioner of Agriculture that catfish imported from China and Vietnam had been found to be tainted with high levels of fluoroquinolones, and in-house counsel assured him that the emergency regulations were lawful.

Defendant further argues that the emergency regulations applied across the board to all importers, suppliers, and distributors importing seafood from China and Vietnam, and were enacted on an emergency basis pursuant to the police power of the State of Louisiana to protect the health and welfare of its citizens.  Defendant also asserts that he had no intention of violating plaintiff's constitutional rights and that he believed that the emergency regulations passed constitutional muster and did not violate federal law.  Defendant argues that he is entitled under clear and established federal law to qualified immunity on the claims brought against him in his

individual capacity. Defendant also argues that he is entitled to absolute immunity insofar as claims are asserted against him in his official capacity.

Though the original complaint included claims against defendant in his official capacity for injunctive relief under 42 U.S.C. § 1983, and for declaratory relief under the Louisiana Constitution, those claims have been rendered moot by state court litigation which permanently enjoined defendant from enforcing the regulations at issue. Therefore, the only claims still before this Court are claims for damages asserted against defendant in his individual capacity.[1] Those claims are brought under 42 U.S.C. §§ 1983 and 1988 and state tort law. Though no significant discovery has yet been conducted, defendant filed the present motion for summary judgment, arguing that he is entitled to qualified immunity.

"'Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery.'" *Vander Zee v. Reno*, 73 F.3d 1365 (5th Cir. 1996) (quoting, *Mitchell v. Forsyth*, 472 U.S. 511, 525-526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Such is not the case here, however.

On May 13, 2010, the Magistrate Judge stated that "[t]he Court has reviewed the allegations in Piazza's complaint in light of the legal standards concerning qualified immunity and finds that Piazza has sufficiently alleged facts addressing

---

[1] The official capacity claims having been rendered moot, the Court need not address plaintiff's absolute immunity argument.

Odom's defense of qualified immunity such that it should not be required to file a Rule 7(a) reply setting forth more detailed allegations concerning Odom's conduct" (doc. 55, p. 2).  The Magistrate Judge further stated:

> Specifically, in the complaint, Piazza alleges that, despite the Fifth Circuit's judgment in the 2006 case of *Piazza's Seafood World, LLC v. Bob Odom*, 448 F.3d 744 (5th Cir. 2006), enjoining Odom's attempts to enforce a state statute which unconstitutionally discriminated against seafood imported from the Far East, Odom nevertheless promulgated, in 2007, without any authorization from the Louisiana Legislature, agency regulations that facially discriminate against the very same foreign commerce; interpreted those regulations to directly regulate not only the foreign seafood sold within Louisiana but seafood sold in other states as well, and exercised unfettered discretion to seize Piazza's property without a warrant, a hearing, or reasonable cause in enforcing those regulations. Piazza contends such actions contravene its rights protected by the Foreign and Interstate Commerce Clause, the Supremacy Clause, and the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.
>
> The undersigned not only finds that Piazza's allegations specifically assert a violation of various constitutional rights, but that they also sufficiently assert that Odom was on notice that the regulations he promulgated were unconstitutional in the sense that they violated the Foreign Commerce Clause based upon his knowledge of the Fifth Circuit's ruling in *Piazza v. Odom*, 448 F.3d 744 (5th Cir. 2006) — a matter involving the exact same parties and similar unconstitutional conduct.

(Doc. 55, p. 2, n. 1).

The Court, having determined that plaintiff's allegations state a claim of violation of clearly established law, notes that this motion was filed prior to any

significant discovery in this matter, and, therefore, concludes that plaintiff's motion for summary judgment on the issue of qualified immunity is premature.

## CONCLUSION

Accordingly, the motion by defendant, Bob Odom, for summary judgment (doc. 57) is hereby **DENIED** without prejudice to his right to revisit the issue after appropriate discovery has been conducted, and the motion for oral argument on the motion for summary judgment (doc. 58) is **DENIED** as moot.

Baton Rouge, Louisiana, October 20, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA