UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PIAZZA'S SEAFOOD WORLD, LLC

VERSUS

BOB ODOM, COMMISSIONER OF
AGRICULTURE FOR THE STATE
OF LOUISIANA

CIVIL ACTION

NO. 07-413-JJB

## **RULING ON MOTIONS**

This matter is before the court on a defendant's motion (doc. 121) for summary judgment and plaintiff's motion (doc. 124) for partial summary judgment. Both motions are opposed. There is no need for oral argument.

*Background*

Plaintiff Piazza Seafood World, LLC, is a company that imports seafood from China and Vietnam and distributes its products in Louisiana and elsewhere. Defendant Bob Odom, acting as Commissioner of Agriculture and Forestry for the State of Louisiana,[1] seized large quantities of seafood from Piazza Seafood pursuant to a regulation promulgated and enforced by his department. The regulation at issue is La. Admin. Code 7:XXXV.511 ("the Regulation"), which provides that "[n]o seafood may be held, offered or exposed for sale, or sold in Louisiana if such seafood contains Fluoroquinolones." Section 511, Paragraph B.

The Regulation establishes procedures for sampling, testing and certification

---

[1] The current Commissioner is Dr. Mike Strain.

1

of the test results that apply to seafood coming from specified "geographic areas" for the presence of Fluoroquinolones prior to being offered for sale in Louisiana. Section 511, Paragraph E. The Regulation specifically applies to "geographic areas" designated by the Commissioner, pursuant to the Administrative Procedure Act, as being areas "where Fluoroquinolones is being used on or found in food processing animals or in products from such animals." Section 511, Paragraphs C and D. By subsequent "Emergency Declaration," Odom declared "the country of China" (in addition to the country of Vietnam) to be such a geographic area subject to the sampling and testing provisions of the Regulation.

Piazza Seafood filed this action challenging the Regulation on the basis that it facially discriminates against foreign commere and violates the Commerce Clause. Plaintiff additionally claimed that Odom acted outside the scope of his authority under state law in promulgating the regulation. In June of 2007, this court certified the state law issue to the Louisiana courts under the Pullman doctrine.[2] The state district court then heard the matter and ruled that Odom had no authority under the Louisiana Constitution or statutes to promulgate the Regulation. On appeal, the state appellate court affirmed and the decision is now final.[3]

---

[2] *Railroad Commission v. Pullman Co.,* 312 U.S. 496 (1941).

[3] The state appellate court affirmed the trial court's preliminary injunction ruling, finding that defendant did not have the authority to regulate the content of imported seafood under Louisiana law. *Piazza's Seafood World, LLC, v. Odom*, 6 So.3d 820 (La. App. 1 Cir. 2008). Thereafter, on a motion for permanent declaratory and injunctive relief, the district judge re-affirmed his findings. No appeal has been taken from that judgment.

Thereafter, the case was reopened in this court (doc. 44); and the claims were narrowed (doc. 65) to those for damages against Odom in his individual capacity. Piazza moved (doc. 71) for summary judgment to dismiss Odom's defense of qualified immunity. The salient issue was whether Odom could raise qualified immunity because the state court had determined that Odom had acted beyond his statutory authority under state law in enacting the Regulation. The court determined (doc. 118) that the question for qualified immunity purposes was not whether Odom's action were ultra vires, but rather whether a reasonable official in Odom's position would have known that he was acting beyond the scope of his authority. The court determined that such an official would have reasonably believed that he was empowered to regulate the content of seafood in the narrow context at hand (that is, for public health purposes as part of a cooperative endeavor with the LDHH).

Now Odom moves for summary judgment arguing that the burden has shifted to plaintiff to create a genuine issue as to whether Odom actions were objectively unreasonable in light of clearly established constitutional law. Odom argues that he reasonably believed he had constitutional authority to promulgate the Regulation, just as he believed that he had state statutory authority to do so.

In opposition, Piazza argues that Odom violated the following "clearly established" constitutional rights:

"the right to be free from state regulation that discriminates against

3

foreign commerce, the right to be free from direct state regulation of interstate commerce, the right to be free from the search and seizure of one's property without probable cause or judicial warrant, and the right to a hearing before one is deprived of property rights." Doc. 130, at p. 2.

Additionally, Piazza brings its own motion (doc. 124) for partial summary judgment on its claim that Odom violated the Commerce Clause, Article 1, Section 8, clause 3 of the United States Constitution. Piazza contends that the Regulation discriminates against foreign products on its face by treating domestic products differently from foreign products. *Piazza*, 448 F.3d 744, 750-51 & n. 12.

Having reviewed the Regulation, the court finds that it has general application to all seafood being sold in Louisiana. However, it does treat seafood imported from China and Vietnam differently from domestically produced seafood in as much as it only imposes sampling, testing and certification procedures upon "geographic areas" where Fluoroquinolones have been found in food products and the only "geographic areas" designated are the countries of Vietnam and China. The court finds that this constitutes discrimination "on the face" of the Regulation.[4]

Consequently, the court agrees with Piazza that Odom must demonstrate that the Regulation served "a legitimate local purpose" that could not have been "adequately served by reasonable non-discriminatory alternatives." *Piazza*, 448

---

[4] Odom's argument that he did not personal participate in the alleged violations is inapplicable to the claim that the Regulation discriminates on its face; there is no dispute that Odom was involved in promulgating the Regulation.

F.3d at 750-51.  However, the court finds that there are genuine issue of material fact relative to whether the Regulation advanced a legitimate local purpose that could not be adequately served by reasonable nondiscriminatory alternatives.  *New Energy Co. of Indian v. Limbach*, 486 US 269, 278 (1988).  Likewise, the court finds that the material facts have not been sufficiently developed as to the claim that Odom directly regulated interstate commerce.  Consequently, Piazza's motion for summary judgment will be denied.

As to Odom's motion for summary judgment on the basis of qualified immunity, the court rejects the underlying notion that its has previously ruled that all of Odom's actions were objectively reasonable under clearly established law at the time.  The court simply held that an official in Odom's position would have reasonably believed that he was empowered to regulate the content of seafood in the context of his authority *under state law* (that is, for public health purposes as part of a cooperative endeavor with the LDHH).  The court made no determination as to any other aspect of the qualified immunity defense and regrets that it failed to make this abundantly clear in its last ruling.

The court finds that summary judgment is not appropriate on the qualified immunity defense.  There are factual and legal aspects that remain to be fleshed out by the parties, e.g., how does Odom's claim that he relied on the advice of counsel

5

factor in the qualified immunity defense?[5] Odom's reply brief belatedly addresses the "clearly established law" relative to the claims based upon the Fourth Amendment and Due Process Clause. In short, the briefs raise more questions than they answer.

Accordingly, both motions (docs. 121 and 124) for summary judgment are hereby DENIED. This matter will be set for pretrial conference.

Baton Rouge, Louisiana, <u>May 3, 2012</u>.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[5] Odom raises the issue but neither side adequately briefs it. The court suggests counsel refer to *Lawrence v. Reed*, 406 F3d 1224 (10th Cir. 2005) as a starting point.